UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 11-CR-397S

JAMES RAYMONDA,

           Defendant.

1. Defendant James Raymonda is charged with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and four counts of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On July 23, 2013, this Court accepted without modification the Magistrate Judge's recommendation that Defendant's Motion to Suppress be granted. (Docket No. 43.) Familiarity with that Order and the Magistrate Judge's Report and Recommendation (Docket No. 36) is assumed. Presently before this Court is the government's Motion for Reconsideration (Docket No. 47), which, for the reasons stated below, is denied.

2. Generally, a district judge may modify pre-trial rulings and interlocutory orders at any time before final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied

unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

3.  The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F.Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

4.  Upon careful consideration of the government's motion, this Court finds no basis to revisit or reverse its prior Order. The government first contends that reconsideration is warranted because the Magistrate Judge erroneously recommended that Defendant's statements should be suppressed as "fruit of the poisonous tree." According to the government, the Magistrate Judge failed to determine whether Defendant's statements were sufficiently connected to the unlawful search. But the Report and

Recommendation contains the Magistrate Judge's discussion of the hearing testimony and the circumstances under which Defendant made the statements at issue. Defendant made his statements in conjunction with and attendant to the unlawful search of his residence. Among other facts found by the Magistrate Judge, Defendant was shown the search warrant, he knew that eight agents or so were inside searching his home, and he was told that agents were looking for evidence of child pornography. Under these circumstances, and those fully set forth in the Report and Recommendation, the connection between the unlawful search and Defendant's statements is sufficient to warrant application of the "poisonous tree" doctrine. See Murray v. United States, 487 U.S. 533, 536-37, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988) (explaining that "the exclusionary rule also prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes so attenuated as to dissipate the taint." (internal quotations and citations omitted).)

5.  The government next argues that reconsideration is warranted because this Court did not adequately address whether the Magistrate Judge erred by finding a lack of probable cause or whether he wrongly relied on United States v. Coon, 10-CR-110A, Doc. No. 43 (W.D.N.Y. May 16, 2011). As stated in the previous Order, however, this Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions. (Docket No. 43.) That review included examination of probable cause and the Magistrate Judge's reliance on Coon. Coon, of course, is directly relevant and instructive on the staleness and good faith issues. This Court also reviewed and considered the Magistrate Judge's findings concerning the misleading statements included in the search warrant application. The

result of this *de novo* review, as set forth in the previous Order, was that this Court concurred in the Magistrate Judge's findings and recommendations and therefore accepted them over the government's objection. The government's arguments on this point have thus already been presented and rejected. Nothing in the present motion warrants further reconsideration of that determination.

6.  Finally, the government argues that this Court should reconsider whether the good-faith exception to the exclusionary rule applies. In particular, the government contends that this Court "modified" the Report and Recommendation when it noted its concurrence in the Magistrate Judge's assessment "that although agents did not intentionally present misleading information in support of the issuance of the warrant, their conduct did involve some degree of negligence, and the totality of circumstances precludes application of the good-faith exception to the exclusionary rule." (Docket No. 43.) But this Court's comment that agents acted with "some degree of negligence" does not modify or displace the Magistrate Judge's finding that preparation of the misleading warrant application was the result of gross negligence. This Court fully accepted the Report and Recommendation — and the Magistrate Judge's findings concerning misleading statements and gross negligence — without modification. (Docket No. 43.) That being the case, the government's arguments that the good-faith exception applies are again rejected. See Davis v. United States, __ U.S. __, 131 S.Ct. 2419, 2427, 180 L.Ed.2d 285 (2011) (commenting that when police exhibit "grossly negligent" disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs).

4

IT HEREBY IS ORDERED, that the government's Motion for Reconsideration (Docket No. 47) is DENIED.

SO ORDERED.

Dated: December 20, 2013
 Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Court
